# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY RENO MEVES,<br><br>    Plaintiff,<br><br>    v.<br><br>CHESTER MILLER,<br>President/C.E.O. of Rand Mining Co., etc.,<br><br>    Defendants. | Case No. 07-cv-01517 LJO TAG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br>(Doc. 1) |

    On October 18, 2007, Plaintiff Rocky Reno Meves ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights complaint, 42 U.S.C. § 1983. (Doc. 1). The matter was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302.

## BACKGROUND

    In his complaint, Plaintiff identifies the defendant as Chester Miller ("Miller"), in his individual and official capacities as President of Rand Minning [sic] Co., and Chief Executive Officer of Glamis Gold Inc., its subsidiary, Rand Minning [sic] Co., and "Yellow Aster, Lamont, Baltic open pit mines," et al. (collectively, the "Defendant Mines") (Doc. 1, p. 2-3). Although, in this case, Plaintiff seeks relief for wrongs suffered at the hands of different defendants, his allegations are similar to those he raised in his previous § 1983 civil rights action, which this Court dismissed without prejudice on September 18, 2007. (See Case No. 07-cv-00821-LJO-LJO [formerly LJO NEW (TAG)].

    In the instant case, Plaintiff contends that Miller engaged in actions at "Yellow Aster Lamont, Baltic Mines," between 1984 and 2007, and that the actions were directed against Plaintiff . (Doc. 1, p. 3). Plaintiff asserts that Miller's actions violated his Eighth Amendment right to be free from cruel

and unusual punishment and violated his Fourteenth Amendment guarantees by depriving him of his life, liberty, or property without due process of law. (Id. at 4, 8). Plaintiff seeks $ 1,000,000 in damages, apparently for each alleged civil rights violation. (Id. at 6, 10).

According to Plaintiff, Miller knowingly performed open pit mining and "tailing" at the Defendant Mines, which resulted in the accumulation of levels of arsenic that were dangerous if humans were exposed to it. (Doc. 1, pp. 5, 9). In addition, Plaintiff contends that Miller's actions caused the surfacing of cyanides. (Id.). Plaintiff asserts that Miller's mining methods denied Plaintiff access to public lands due to his fear of exposure to hazardous waste and arsenic. (Id.).

## ANALYSIS AND DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), this Court must "screen" a prisoner's complaint to determine whether the case should be dismissed because, among other things, it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1228. The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n.1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

///

///

During the screening process, the Court must ensure that the complaint complies with Federal Rule of Civil Procedure 8(a).  Rule 8(a) provides that

> A [complaint] shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a).

The plaintiff must allege with at least some degree of particularity specific overt acts which the defendant(s) engaged in that support plaintiff's claim.  Id.  The Rule 8(a) statement "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations omitted).  Although a plaintiff need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and there is entitlement to relief under some viable legal theory.  Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-406 (6th Cir. 1998); Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that the defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).  In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution of the United States.  Paratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986) (citations and quotations omitted); Faulkner v. County of Kern, No. 04-cv-05964, 2006 WL 1795107 at *11 (E.D. Cal. June 28, 2006) (citations omitted); 42 U.S.C. § 1983.  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, with the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

As an initial matter, Plaintiff has not set forth any facts indicating that Defendant Miller was acting under color of state law when he allegedly operated the Defendant Mines utilizing a method that he knew would result in conditions dangerous to humans in the area, without which Plaintiff can not state a viable § 1983 claim against Miller. Gibson, 781 F.2d at 1338; Faulkner, No. 04-cv-05964, 2006 WL 1795107 at *11; 42 U.S.C. § 1983. Generally, private parties are not acting under color of state law. Brentwood Academy v. Tennessee Secondary Sch. Athletic Assoc., 531 U.S. 288, 295 (2001).

In addition, Plaintiff, in alleging that Defendant Miller violated his Eighth Amendment rights, does not satisfy the requirement that he was deprived of rights secured to him by the constitution. The Eighth Amendment proscribes, in part, the infliction of cruel and unusual punishment. U.S. CONST., amend. VIII, § 3. Absent conviction of a crime, there is no Eighth Amendment protection from cruel and unusual punishment, which has been defined as the "deliberate indifference to serious medical needs of prisoners." City of Revere v. Mass. General. Hosp., 463 U.S. 239, 243-244 (1983) (quoting Estelle v. Gamble, 429 U.S. 87, 104 (1976)); Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977). Accordingly, because Plaintiff alleges that Defendant Miller deprived him of his Eighth Amendment right by denying him access to public lands based on his fear of exposure to hazardous waste at the Defendant Mines sites, which access Plaintiff arguably would not have had once he was convicted and imprisoned, his allegation that he was subjected to cruel and unusual punishment must fail. Id. Nor could Plaintiff amend this count of his complaint such that it would state a claim based on a violation of his Eighth Amendment rights. Accordingly, this allegation is frivolous. Id.; Neitzke v. Williams, 490 U.S. at 325; Franklin v. Murphy, 745 F.2d at 1227-1228 (9th Cir. 1984); 28 U.S.C. 1915A(b); 42 U.S.C. § 1983.

Plaintiff's second allegation for § 1983 alleges that Defendant Miller's actions deprived Plaintiff of his Fourteenth Amendment rights. (Doc. 1:8). The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S.Const., Amend. XIV §1. The Due Process Clause guarantees procedural and substantive due process. Procedural due process "protects individuals against the deprivation of [life], liberty or property by the government without due process." Lara Urbina v. Carson, 2007 WL 2814652 at *6 (E.D. Cal. September 25, 2007)(citation omitted)(brackets added). Substantive due process

///

protects individuals against arbitrary, capricious, or excessive action by the government, and "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998)(citations omitted).  In order to allege a cognizable § 1983 claim based on procedural due process, a plaintiff must allege a Constitutionally protected interest, deprivation of the interest by the government, and lack of process.  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).  In order to allege a cognizable § 1983 claim based on substantive due process, a plaintiff must allege that the government's action was arbitrary, capricious, or excessive, and that the plaintiff has a Constitutionally protected interest.  See Lara Urbina, 2007 WL 2814652 at *5.

In the instant case, Plaintiff fails to mention how Miller was a state or government actor, and what protected interest Plaintiff was deprived of either through a lack of process or due to Miller's capricious, arbitrary actions.  Portman, 995 F.2d at 904; Lara Urbina, 2007 WL 2814652 at *5; (Doc. 1:8-9).  In addition, Plaintiff does not satisfy the requirements set forth in Federal Rule of Civil Procedure 8(a)(2), in that he neglects to allege any facts from which Miller could infer the specific rights he violated under the Fourteenth Amendment.  Fed.R.Civ.P. 8(a)(2); Swierkiewicz, 534 U.S. at 512; Lewis, 135 F.3d at 405-406; Walker, 904 F.2d at 277.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff's complaint has not set forth sufficient allegations to state a claim against Miller. 42 U.S.C. § 1983; Fed.R.Civ.P. 8(a).  Plaintiff has not contended that Miller was acting under color of state or government law, or stated a claim that his Eighth or Fourteenth Amendment rights were violated. 42 U.S.C. § 1983; Gibson v. United States, 781 F.2d at 1338; Lara Urbina v. Carson, 2007 WL 2814652 at *6 (E.D. Cal. September 25, 2007); Faulkner v. County of Kern, 2006 WL 1795107 at *11 (E.D. Cal. June 28, 2006).  Nor has Plaintiff provided facts sufficient to put Miller on notice of how he deprived Plaintiff of his Fourteenth Amendment rights.  Swierkiewicz v. Sorema N.A., 534 U.S. at 512 (citations omitted); Lewis v. ACB Business Serv., Inc., 135 F.3d 389 at 406; Walker v. South Cent. Bell Telephone Co., 904 F.2d at 277.  Because this complaint is Plaintiff's third attempt[1] to file a viable

---

[1] Meves filed an initial and, pursuant to Court order, an amended complaint in his earlier case action. (See Case No. 07-cv-00821-LJO-LJO (formerly LJO-NEW (TAG)); Docs. 1, 6).

§ 1983 complaint alleging that hazardous waste and/or arsenic levels at various mines deprived him of his constitutional rights, all of which failed to state a claim or had other incurable deficiencies, the undersigned recommends that:

    1. Rocky Reno Meves' Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE; and

    2. The Clerk of this Court be DIRECTED to close this case.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to the objections shall be served and filed within fifteen (15) days after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 8, 2007**                         **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE